Our fifth case for argument this morning is Megna v. Musial. Ms. Hentges. May it please the court, my name is Maya Hentges, and I represent appellants Captain John Musial and Officer Alexia Zak. This is a one issue case. That one issue was whether there was reasonable suspicion to stop the vehicle Walter Megna was a passenger in, and there was. The basis... I don't understand how that issue is presented. The question on a qualified immunity appeal is whether particular rules of law are clearly established, not what the facts would show. If the appeal ends up being about what the facts show, then it has to be dismissed. That's the holding of Johnson against Jones. So what is the legal dispute about whether a legal rule is clearly established? Correct, Your Honor. This appeal is not on the facts of this case. As you stated, this court has jurisdiction to hear this appeal when there's a denial of qualified immunity to the extent it turns on a legal question. The legal question in this case is whether there was reasonable suspicion for the stop. That's not a legal question in a qualified immunity appeal. I was precise. I asked you, what is the dispute about whether a given legal rule is clearly established? That's the thing that's open on a qualified immunity appeal. Not under all the facts, was there a reasonable suspicion? That's the thing that under Johnson against Jones cannot be before us. So I asked my question again. This appeal is on whether it was clearly established whether the vehicle that Walter Magna was a passenger in could be stopped based on reasonable suspicion. No. Clearly established that the vehicle in which Jones was a passenger. No, that's talking about the facts of this case. Qualified immunity appeal needs to focus on what the law is. And I'm trying to figure out what the dispute is about the governing law, about what principles of law are clearly established or not. And Your Honor, this stems from the violation of Wisconsin statute, which is two pronged. Qualified immunity appeal cannot take up questions about state law. I don't think you're getting the prong. My understanding is that the prong was whether there was clearly established law and there was a violation of that law. Here, the dispute is whether there was reasonable suspicion to stop the vehicle, which there was. I have a particular case on these facts about whether the license plate was illuminated and if not illuminated, whether it was dirty. Have you actually reviewed Johnson against Jones recently? I have. I have, Your Honor. Correct. My understanding of Johnson versus Jones is that the appeal in Johnson versus Jones was whether there was evidence or sufficient evidence to. Whether the evidence was sufficient. Correct. That appears to be the question here. Whether the evidence is sufficient. No, Your Honor. The question here is we are taking Magnus' assertion that the light was working as correct. That is a question about the evidence in this particular case. In Johnson versus Jones, there was a question about what the facts were able to prove, what the parties were able to prove. Rather than if the given facts as the district court held them is a violation of the clearly established law. We are following the rule in Johnson versus Jones and taking the district court's version of events as true. Even the contention that Walter Magnus says that the rear license plate lamp was visible. The reason the district court concluded is that this record does not show whether the license plate was illuminated or if it was, whether it was dirty. Correct, Your Honor. And we cannot question that finding of fact. Correct. And I'm not questioning that because the statute that the... Then I don't understand what the legal dispute is about what rules are clearly established given that we don't know what the facts are. Correct, Your Honor. But we're taking the district court's facts as true. But the statute that this stop was based on is a two-prong statute. And the other portion of it is whether it was clearly legible from 50 feet away. And there is no dispute anywhere in the record that the license plate was not... The plaintiff says it was, and the district court said that a jury could believe it. He said that it was properly illuminated, but what he does not dispute is... And not obscured. That it was not clearly visible from 50 feet away. What if we just prohibited from trying to resolve a factual fight? We're not trying to... It just doesn't work. We're not trying to dispute a factual finding. The basis is if it was clearly established that there was a... It's a summary judgment stage. There are no factual findings. The question is what could a reasonable jury find? We can't resolve a factual fight is what I just said. I understand that. But it is undisputed that the license plate was not clearly visible from 50 feet away. Whether that was from an obstruction of the light, debris, ice, whatever it was. Officer Zaks' report explicitly states that the reason for the stop was a violation of a Wisconsin statute. Ms. Sanchez, you're slicing those facts really thin, right? The plaintiff says the light was on. The plaintiff says the plate was visible. And then your officers say, well, I personally couldn't see it from 50 feet away. That's a quintessential factual dispute. The plaintiff, of course, can't put himself in your officer's eyeballs. And directly dispute the subjective vision point. The only way he can make that dispute is the way he has. By saying the light was on and it wasn't dirty. So that's just a classic factual dispute. And you can't slice it so thin that anything the officer says becomes undisputed because it's what was in the officer's eyeballs alone. Your Honor, he does not say that it was not visible. He just disputes whether the license plate light was working, which we are accepting as true. But even that, a reasonable officer in the appellant's position would not know what was causing the obstruction of the light until they conducted the stop. Why couldn't a jury conclude that the officer is lying? The officers, and it is undisputed that the license plate was not clearly visible from 50 feet, which is the second part. It is undisputed. Repeating something won't make it true. This appeal should never have been filed. This is a waste of everyone's time, including yours. The appeal is the denial of the qualified immunity, which requires that there be a clearly a violation of a clearly established law. We're not saying that there was there. We're saying that there was no violation of clearly established law because there was reasonable suspicion for the stop based on a two pronged Wisconsin statute. One, that a light was working, which we are accepting appellant or Magna's assertion as to true. And two, that the it was not clearly visible from the 50 feet, which it is undisputed in the record that it was not visible from that 50 feet, which created reasonable suspicion for the stop. If the court has no other questions, I reserve my remaining time for rebuttal. Certainly counsel. Thank you. Mr. I understand this is part of your legal education. It is indeed your one important part of education is that when there's no jurisdiction, you needn't give a long argument. I'll take the hint, Your Honor. May it please the court. My name is Mark Alinsky and I'm a student at Northwestern Law School. Under the supervision of Professor Daniel Hamilton. I represent plaintiff at we Walter Magna, who's with us here today. The court should dismiss this appeal for lack of jurisdiction, because the appellants never actually take Mr. Magna's facts as true as required. The officers have offered shifting justifications for the stop while Mr. Magna's facts have remained the same. There was nothing illegal about the license plate. None of the appellants arguments except that as true as required for jurisdiction over this interlocutory appeal. If the court has jurisdiction, it should affirm for two reasons. First, disputed facts about the legibility of the license plate preclude summary judgment. Second, the district court properly denied qualified immunity. Simply put, it's clearly established that officers cannot conduct a traffic stop without reasonable suspicion of a traffic violation. We heard a lot about jurisdiction on the appellant's opening argument, so I'll start there. The issue with the way that the appellants are raising these arguments is that they never accept Mr. Magna's version of the facts. And there are two key pieces of evidence that show that the legibility of the license plate from 50 feet away is a disputed fact. The first is the appellant's own evidence in their motion for reconsideration at summary judgment. They included a still shot from a body camera from which a reasonable jury could find that the light was illuminated, that the plate was clean, and that it was visible from 50 feet away. In fact, the district court agrees with all those characterizations in footnote 2 of its ruling on the motion for reconsideration and page 8 of its original summary judgment ruling. Second, Mr. Magna's sworn declaration at summary judgment includes a statement in paragraph 7. Quote, dispute. Magna noticed while pulled over, speaking with officers outside the vehicle in question, that all lights were properly working. The appellants now offer a shifting justification. Maybe the plate was dirty instead of the light being out. The court should reject that as a post hoc justification, which is impermissible under Carmichael. But even if that is a potential justification, Mr. Magna disputes that too. In paragraph 27 of that same sworn declaration, he disputes a statement from the officers, other officers than the appellants in this case, that the plate was dirty and was not visible from 50 feet. This very briefly honors beyond the jurisdictional argument, I'd like to also talk about why what Mr. Magna did at summary judgment was enough to meet his burden to rebut qualified immunity. In his summary judgment filing, Mr. Magna cited and quoted two Supreme Court cases, Brendan and Royer, which was enough to open the door for the district court to conduct its own qualified immunity analysis. In Brendan, the facts of Brendan are quite similar to this case. In that case, officers pulled over a vehicle to verify its temporary operating permit, but there was nothing wrong with the temporary operating permit. As a result, the officers violated the Fourth Amendment rights of both the driver and the passenger in that vehicle. The same is true here, and the relevant point of comparison between Brendan and Mr. Magna's case are that there was objectively nothing wrong with the vehicle that was being pulled over, whether the officers claimed it was something about a license plate or a temporary operating permit. To the extent that there's any question that Mr. Magna did enough at summary judgment to dispute qualified immunity, it's important to remember that he was writing his summary judgment filings pro se, and therefore they should be construed liberally. Lastly, Your Honors, I'd like to distinguish Sin v. Lemon and other cases that the appellants point to about a plaintiff not doing enough to rebut qualified immunity. Those cases are all readily distinguishable. In those cases, like Sin v. Lemon, the plaintiff simply did nothing in the district court to rebut qualified immunity. Here, Mr. Magna did the opposite. He cited and quoted two Supreme Court cases, including Brendan, which, as I just explained, is quite factually analogous. If there are no questions from the court, I will yield my time. Thank you, Mr. Rolinski. Thank you, Your Honors. Ms. Hedges, anything further? Just for the brief, Your Honor. I just want to go back to the point on the jurisdiction. No facts does not equal disputed facts. Magna, despite what appellees just stated, never disputes that it was not visible from 50 feet. He only discusses the light's functionality. The basis for the stop was at the beginning of the stop and has always been a violation of Wisconsin Statute 347.13, subsection 3, which is two-pronged. The first prong, we accept Magna's contention. The second prong is undisputed that it was not visible from 50 feet, thus giving reasonable suspicion for the stop to investigate the cause of the illegibility under the statute. Thank you. Thank you, counsel. The case is taken under advisement.